UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.G.,<br><br>        Plaintiff,<br><br>    v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00233-KES-CDB<br><br>ORDER GRANTING RENEWED EX PARTE APPLICATION FOR APPOINTMENT OF GUARDIAN AD LITEM OF MINOR S.G.<br><br>(Doc. 9) |

Pending before the Court is the renewed application of minor Plaintiff S.G. to appoint his mother, Sheila Rosario Flores Gutierrez, as guardian ad litem, filed March 10, 2025. (Doc. 9).

**Legal Standard**

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether

to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but he or she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp.3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c);

. . .

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804. However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation."

2

1  *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec.
2  12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**Discussion**

The supporting declaration of Gutierrez accompanying the application sets forth that S.G. is 6 years old, that Gutierrez is his mother, and that S.G. lives with both Gutierrez and his father in Tehachapi, California. (Doc. 9-1 at 2, ¶ 1). In the declaration, Gutierrez further attests that S.G. has no other appointed guardian. *Id.*, ¶ 2.[1] A review of the docket confirms that no other application for appointment of guardian ad litem for S.G. has been filed, aside from the initial application denied by the Court. (Doc. 2). Gutierrez declares she has no interests adverse to the interests of her minor son and that she is competent and willing to act as guardian for S.G. (Doc. 9-1 at 2, ¶¶ 3-4). Plaintiff is suing Tehachapi Unified School District, Francis M. Lynch, Kendra Bailey, and Elizabeth Spoden (*see* Doc. 1) and there does not appear to be any conflict of interest among the claims and claimants.

Also accompanying the application is the declaration of Anna Rivera, counsel for Plaintiff. (Doc. 9-2). She attests that the representation of her and her firm, Barajas and Rivera, APC, was initiated by S.G.'s parents. *Id.*, ¶ 2. She attests that neither she nor her firm became involved in this action through a party against whom the claim is asserted or their insurance carrier, and neither she nor her firm are represented or employed by any other party or any insurance carrier involved in the action. *Id.*, ¶ 4. She further attests that the representation has been on contingency and Plaintiff has not been charged for services, with all costs to be advanced by counsel. *Id.*, ¶¶ 3, 5.

The Court finds that the standards for the appointment of Gutierrez have been met and that she is competent and qualified to serve as guardian ad litem. *See*, *e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-CV-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor Plaintiff's mother as guardian ad litem). Thus, the Court shall authorize the appointment of Gutierrez as guardian ad litem for S.G.

---

[1] Local Rule 202 requires upon commencement of an action, the attorney representing the minor must present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court or, (3) a showing satisfactory to the Court that no such appointment is necessary. E.D. Cal. Local Rule 202(a).

**Conclusion and Order**

For the foregoing reasons, it is HEREBY ORDERED:

1. Plaintiff S.G.'s motion to appoint Gutierrez as guardian ad litem (Doc. 9) is GRANTED; and
2. Gutierrez is appointed to act as guardian ad litem for S.G. and is authorized to prosecute the action on S.G.'s behalf.

IT IS SO ORDERED.

Dated:    **March 11, 2025**

UNITED STATES MAGISTRATE JUDGE