1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11  S.G., a minor, by and through his Guardian *ad*    )  Case No.: 1:25-cv-00233-KES-CDB
    *litem* SHEILA ROSARIO FLORES GUTIERREZ)
12                                                      )
                              Plaintiff,                )  **STIPULATED PROTECTIVE ORDER**
13                                                      )
                    vs.                                 )
14                                                      )
    TEHACHAPI UNIFIED SCHOOL DISTRICT;                  )
15  FRANCIS M. LYNCH, in his official capacity          )
    Tehachapi Unified School District                  )
16  Superintendent; KENDRA BAILEY;                      )
    ELIZABETH SPODEN; and DOES 1-10,                    )
17  INCLUSIVE,                                          )
                                                        )
18                                                      )
                              Defendants.               )
19                                                      )
20  ─────────────────────────────────────────

21

22

23

24

25

26

27

28
─────────────────────────────────────────
                              - 1 -

1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Plaintiff S.G. ("Plaintiff") and Defendants Tehachapi Unified School District, Superintendent Francis M. Lynch, Kendra Bailey, Elizabeth Spoden ("Defendants") (collectively, the "parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  GOOD CAUSE STATEMENT

This action is likely to involve certain sensitive, confidential, and/or private information related to minors, as well as medical information relating to Plaintiff's disabilities among other things for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, academic records, medical information, and individualized education programs. The parties, as well as third parties whose confidential or private information may be discussed or referred to within these documents, may be harmed if no protective order is entered to protect against the dissemination of such private, confidential information. Disclosure and discovery activity in this action is likely to involve production of such confidential, proprietary, or private information, which warrants special protection from public disclosure and use for any purpose other than prosecuting this litigation. Accordingly, to expedite the flow of information, to facilitate the

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

THEREFORE:

3.   DEFINITIONS

3.1.   Action: The above-titled lawsuit, *S.G. vs. Tehachapi Unified School District, et al.*, USDC Case No. 1:25-cv-00233-KES-CDB.

3.2.   Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

3.3.   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   Counsel: Outside Counsel of Record, General Counsel and House Counsel (as well as their support staff).

3.5.   Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6.   Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7.   Expert: A person with specialized knowledge or experience in a matter pertinent to the

litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action or designated as a non-retained expert.

3.8. <u>General Counsel or House Counsel</u>: Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

3.10.     <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

3.11.     <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record, General Counsel or House Counsel (and their support staffs).

3.12.     <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13.     <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14.     <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15.     <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

4. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

Any use of Protected Material at trial shall be governed by the orders of this Court. This Order does not govern the use of Protected Material at trial.

5.  <u>DURATION</u>

Even after final disposition of this litigation, this Order's confidentiality obligations shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.  <u>DESIGNATING PROTECTED MATERIAL</u>

6.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily

encumber the case development process or to impose unnecessary expenses and burdens on the other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced, except for documents produced prior to the execution of this Order, which may be so designated up to 45 days after execution of this Order.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) produced after the execution of this Order, that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). For information in documentary form produced prior to this Order, the Producing Party or the Receiving Party may make such "CONFIDENTIAL legend" designation up to 45 days after entry of this Order, either by re-producing the Confidential documents or by notifying the other Party of the Bates range that is to be treated as "CONFIDENTIAL."

(b) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(c) for testimony given in depositions, the Designating Party shall have 30 days after receipt of the transcript to identify all protected testimony.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3. <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Either party shall be entitled to correct an inadvertent failure to designate as "CONFIDENTIAL" up to 30 days after disclosure of the qualified information or material (or in the case of material disclosed in a deposition transcript or in exhibits thereto, up to 45 days after the receipt of the transcript). Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1. <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a designation of

confidentiality at any stage of the proceedings that is consistent with the Court's Standing Orders, Scheduling Order, and any others the Court may issue.

7.2. <u>Meet and Confer</u>.  The Challenging Party shall first initiate the meet and confer process under Local Rule 251. Pursuant to Magistrate Judge Baker's Scheduling Order (ECF 20) "A party with a discovery dispute must first confer with the opposing party in a good faith effort to resolve by agreement the issues in dispute. If that good faith effort is unsuccessful, prior to making any filing, the requesting party promptly shall seek a conference with all involved parties and Judge Baker. To schedule this conference, the parties should contact the Courtroom Deputy Clerk, Cori Boren, at (661) 326-6620 or via email at CBoren@caed.uscourts.gov. At least two (2) days before the conference, counsel shall file a joint, informal letter brief detailing each party's position. Each party's narrative shall not exceed five pages, excluding exhibits, and shall cite relevant authority in support of the party's position." The materials at issue must be treated as confidential until the Court has ruled on the objection or the matter has been otherwise resolved.

7.3.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

8.1. <u>Basic Principles.</u>  Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2. <u>Disclosure of "CONFIDENTIAL" Information or Items.</u>  Unless otherwise ordered by the

court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including General Counsel or House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this

Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by this Order's remedies and relief.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)   make the information requested available for inspection by the Non Party, if requested.

(c)   If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. MISCELLANEOUS

13.1.    Right to Further Relief. Nothing in this Order abridges the right of any person to seek the Court's modification in the future.

13.2.    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

1

2   14. <u>FINAL DISPOSITION</u>

3          After the final disposition of this Action, as defined in paragraph 5, within 60 days of a written

4   request by the Designating Party, each Receiving Party must return all Protected Material to the

5   Producing Party or destroy such material. As used in this subdivision, "all Protected Material"

6   includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing

7   any of the Protected Material except such abstracts or summaries that are protected attorney work

8   product. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

9   written certification to the Producing Party (and, if not the same person or entity, to the Designating

10  Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected

11  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any

12  copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the

13  Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of

14  all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

15  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

16  and expert work product, even if such materials contain Protected Material.  Any such archival copies

17  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

18  Section 5 (DURATION).

19

20  15. <u>ENFORCEMENT</u>

21         Any violation of this Order may be punished by any and all appropriate measures including,

22  without limitation, contempt proceedings and/or monetary sanctions. However, before any party

23  seeks to prosecute any violation of this Order, said party must engage in a good faith meet and confer

24  effort to resolve the dispute.

25

26  16. <u>MODIFICATIONS</u>

27         16.1.        This Order may be modified by agreement of the Parties in writing, subject to

28

STIPULATED PROTECTIVE ORDER

1   approval by the Court.

2      16.2.      The Court may modify the terms and conditions of this Order for good cause, or in

3   the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the

4   Court provide them with notice of the Court's intent to modify the Order and the content of those

5   modifications, prior to entry of such an order

6

7   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

8

9

10   DATED: August 5, 2025       BARAJAS & RIVERA, APC

11                             */s/ Anna Rivera*

12                              ANNA RIVERA
MARONEL BARAJAS
13                              *Attorneys for Plaintiff S.G.*

14

15   DATED: August 5, 2025       HERR PEDERSEN & BERGLUND LLP

16                              */s/ Caren L. Curtis* (as authorized on 8/5/2025)

17                              LEONARD C. HERR
CAREN L. CURTISS
18                              *Attorneys for Defendants,*
*TEHACHAPI UNIFIED SCHOOL DISTRICT,*
19                              *FRANCIS M. LYNCH, KENDRA BAILEY and*
20                              *ELIZABETH SPODEN*

21   IT IS SO ORDERED.

22     Dated:   __**August 6, 2025**__         _____

23                              UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], of

_____, [print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on <u>August 6, 2025</u>, in the case of *S.G. vs. Tehachapi Unified School District, et al.*, USDC Case No. 1:25-cv-00233-KES-CDB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____[print or type full name of _____[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:_____

Signature:_____

STIPULATED PROTECTIVE ORDER